IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON ALLEN JONES,

                Plaintiff,

  v.

MICHAEL MEISNER, MR. SANCHEZ, MR. SPONHOLZ, MR. R. ROMMSKY, and SGT. BAZYLEWICZ,

                Defendants.

OPINION and ORDER

25-cv-631-jdp

---

Plaintiff Jason Allen Jones, proceeding without counsel, alleges that defendants, who work at Fox Lake Correctional Institution (FLCI), are exposing him to asbestos, which is causing him breathing problems. Jones proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a plausible claim for relief, or seeks money damages from an immune defendant. I must accept Jones's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for failure to state a plausible claim for relief, but I will allow Jones to amend the complaint to fix that problem.

ALLEGATIONS OF FACT

Jones moved into housing unit 4 in December 2023. Housing unit 4 has floor mastic that contains asbestos. It is widely known to FLCI staff that the floor mastic contains asbestos because, a year earlier, contractors removed 80 percent of the floor mastic in other housing units due to asbestos concerns.

In May 2025, defendant Sergeant Bazylewicz had two other prisoners remove damaged floor tiles and floor mastic from housing unit 4. Jones started complaining about breathing issues and potential exposure to asbestos to medical staff around that time, and he was told that "administration is aware." Dkt. 1 at 3. "Defendants acknowledge [Jones] as being exposed to asbestos due to Sgt. Bazylewicz's actions." *Id.* at 4. Jones has a medical record "of unknown cause of breathing problems beginning around May–June 2024." *Id.* at 4.

ANALYSIS

Jones brings an Eighth Amendment claim based on conscious disregard of health and safety. Jones sues defendants in their individual and official capacities, and he seeks damages along with declaratory and injunctive relief.

A. **Individual-capacity claim**

The Eighth Amendment prohibits prison officials from consciously disregarding an excessive risk to prisoner health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To state a claim based on conscious disregard of health or safety, Jones must plausibly allege that (1) he faced an objectively serious risk of harm that (2) defendants consciously disregarded. *See Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006).

"[A]sbestos abounds in many public buildings." *McNeil v. Lane*, 16 F.3d 123, 125 (7th Cir. 1993). So "[e]xposure to moderate levels of asbestos is a common fact of contemporary life and cannot, under contemporary standards, be considered cruel and unusual." *Id.* To state an Eighth Amendment claim based on exposure to asbestos, Jones must plausibly allege that he is being "exposed to unreasonably high levels of asbestos." *See id.*

2

I begin with Jones's claim against Bazylewicz, the only defendant specifically discussed in the body of the complaint. Jones alleges that Bazylewicz had two other prisoners remove damaged floor tiles and floor mastic from housing unit 4, and that this project exposed him to asbestos and caused him to have breathing problems. Bazylewicz's decision to remove the floor mastic, by itself, doesn't show conscious disregard because removing that material suggests that he made efforts to address the asbestos problem.

Jones's theory appears to be that Bazylewicz exposed him an excessively high level of asbestos because he had two prisoners remove the floor mastic in his housing unit. But without more facts about the scope of the project, the qualifications of Bazylewicz and the prisoner workers to perform that work, and any efforts to control potential asbestos exposure, I cannot plausibly infer that Bazylewicz thought that the project would expose Jones to an excessively high level of asbestos. I will not allow Jones to proceed on his individual-capacity claim against Bazylewicz.

Regarding the other defendants, there is a more general pleading problem. Individual liability under 42 U.S.C. § 1983 requires personal involvement in alleged constitutional violation. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). As a general rule, a plaintiff cannot proceed on a § 1983 claim against defendants that he does not discuss in the body of the complaint. *See Stewart v. Rice*, No. 12-cv-339-bbc, 2012 WL 2328227, at *2 (W.D. Wis. June 19, 2012).

Jones names Warden Meisner, Security Director Sanchez, Grounds Superintendent Sponholz, and Institution Complaint Examiner Rommsky as defendants, but he doesn't identify them or explain how they disregarded his health and safety in the complaint's body. Jones's vague allegations that "administration is aware" and that "defendants" acknowledge

3

that Jones was exposed to asbestos due to Bazylewicz's actions are not enough to show personal involvement by any particular defendant in his alleged exposure to asbestos. I will not allow Jones to proceed against Meisner, Sanchez, Sponholz, or Rommsky on his individual-capacity Eighth Amendment claim.

B.  **Official-capacity claim**

An official-capacity claim is one against state officials for "prospective relief to enjoin ongoing violations of federal law." *See Sherwood v. Marchiori*, 76 F.4th 688, 693 (7th Cir. 2023). The basic issue is whether Jones has plausibly alleged an ongoing violation to his Eighth Amendment right to adequate health and safety.

Jones alleges that it is widely known to FLCI staff that floor mastic contains asbestos, partly because contractors have removed much of its floor mastic due to asbestos concerns. But that allegation suggests that significant efforts have been made to control the source of the asbestos. Jones also alleges that he is being housed in a unit with floor mastic, and that he started having breathing problems in May 2024. But the allegation that floor mastic has asbestos, by itself, doesn't plausibly suggest that Jones is being exposed to asbestos, much less that it caused his breathing problems. *Cf. Lane*, 16 F.3d at 125.

Jones alleges that he started having breathing problems around the time Bazylewicz had prisoners remove floor mastic from housing unit 4. But Jones hasn't described this project, alleged whether any efforts were made to control other prisoners' exposure to asbestos, stated if the project affected the health of any other prisoners, or described his breathing problems. Also, if the project exposed Jones to excessive levels of asbestos, it seems implausible without more facts that he would have experienced immediate breathing problems, as he alleges. Numerous courts have noted that the period between exposure and manifestation in

4

asbestos-related diseases is often years, if not decades. *See, e.g.*, *Peerman v. Georgia-Pac. Corp.*, 35 F.3d 284, 285 (7th Cir. 1994); *Johnson v. Centrome, Inc.*, 688 F. Supp. 3d 813, 827 (N.D. Ind. 2023). As pleaded, the complaint doesn't state a plausible ongoing violation of Jones's Eighth Amendment right to be free from excessive asbestos exposure.

## CONCLUSION

I will allow Jones to amend the complaint to fix the problems identified in this order. In drafting his amended complaint, Jones should remember to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in or cause a violation of his Eighth Amendment rights. Jones must take care to allege what each defendant did, or failed to do, to violate his rights.
- Avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Jones believes supports a claim, he should identify each defendant who took that action.
- Identify by full name all the individuals whom he wishes to sue in the amended complaint's caption.

## ORDER

IT IS ORDERED that:

1. Plaintiff Jason Allen Jones's complaint, Dkt. 1, is DISMISSED for failure to state a plausible claim for relief.
2. Plaintiff may have until March 15, 2026, to submit an amended complaint that fixes the problems identified in this order.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. If plaintiff fails to comply with this order, I may dismiss this case.

5. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

6. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

Entered February 12, 2026.

                        BY THE COURT:

                        /s/

                        _____

                        JAMES D. PETERSON
                        District Judge